UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES C. DURKIN,<br><br>              Plaintiff,<br><br>     v.<br><br>ALASKA AIRLINES, INC.,<br><br>              Defendant. | CASE NO. C10-1779JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

    Before the court is Defendant Alaska Airlines, Inc.'s ("Alaska Airlines") motion to dismiss Plaintiff James C. Durkin's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. # 4). Having considered the submissions of the parties and the relevant law, and no party having requested oral argument, the court GRANTS Alaska Airlines' motion to dismiss for failure to state a claim (Dkt. # 4). The court dismisses the complaint but grants Mr. Durkin 30 days to file an amended complaint consistent with this order. Finally, the court strikes Mr. Durkin's motion to compel

ORDER- 1

arbitration without prejudice to his renewing it if the case proceeds to the next stage in the litigation (Dkt. # 12).

## I. BACKGROUND

Mr. Durkin was employed as a pilot by Alaska Airlines from 1975 until his retirement in June 2008. (Compl. (Dkt. # 1), Ex. A.) On October 1, 2010, Mr. Durkin filed a form complaint in King County Superior Court. (*Id.*) Mr. Durkin makes no allegations or claims in his complaint but rather states "see attached" in the place provided on the form for making factual allegations. (*Id.* at ¶¶ 3.1-3.4.) The attachment is a June 25, 2010 letter to the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.*, Ex. A.) In the letter, Mr. Durkin alleges that he was harassed by his employer, Alaska Airlines, because he complained about pray cards on his crew meal tray. (*Id.*) Mr. Durkin also alleges that he was forced to retire in June 2008 "under duress." (*Id.*) Based on Mr. Durkin's EEOC letter, on November 2, 2010, Alaska Airlines removed the case to this court asserting federal question jurisdiction. (Not. of Removal (Dkt. # 1) at ¶ 4.) Alaska Airlines interpreted Mr. Durkin's claim as one for religious discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*Id.*) The court agreed with Alaska Airlines that this was the best interpretation as to the bases for Mr. Durkin's claims and permitted the case to proceed in this court.

Shortly after removing the matter from state court, Alaska Airlines filed the instant motion to dismiss. Mr. Durkin responded to the motion with a letter to the court that does not address the issues raised in the motion. (Letter Resp. (Dkt. # 7) at 1.) Instead

his letter discusses sexual harassment against another female pilot and an allegation that there is an atmosphere of racism within Alaska Airlines. (*Id.*) In addition to his letter, Mr. Durkin attached approximately 86 pages of exhibits that consist of chronologies of events, emails, news articles, excerpts from training manuals, and his own correspondence to the EEOC. (*Id.* at 2-87.) None of the exhibits have been authenticated and Mr. Durkin's own chronology is a rambling assortment of allegations against not only Alaska Airlines but the Transportation Security Administration and his union, the Air Line Pilots Association. (*Id.*)

## II.   ANALYSIS

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In the event the court finds that dismissal is warranted, the

court should grant the plaintiff leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

While a pro se litigant's pleadings and papers are held to a less stringent standard than those of represented parties, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Ninth Circuit has held that *pro se* parties are not excused from following the rules and orders of the court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

Both Mr. Durkin's complaint and his response to the motion to dismiss consist entirely of letters and chronologies that appear to have been drafted by Mr. Durkin, as well as various seemingly unrelated exhibits, such as email notices of coworkers that have passed away and notices of new airplane technology. (*See generally* Compl. and Resp.)  The court cannot consider these attachments.  Under the rubric governing motions to dismiss, the court is not permitted to consider exhibits that are not part of the complaint.  *See* Fed. R. Civ. P. 12(d).  But, even if the court could consider the exhibits, they have not been properly authenticated so as to be admissible.  *See* Fed. R. Evid. 901 (explaining that the rule of authentication is a condition precedent to admissibility).

Setting aside the procedural irregularities associated with Mr. Durkin's response to the motion, Mr. Durkin's "complaint" does not even meet the basic pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Rule 8(a) provides that a pleading, which is the complaint in this case, "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  Mr. Durkin's complaint addresses only the third

element of the rule.  His complaint fails to set forth the basis for this court's jurisdiction and fails to provide a short and plain statement of his claims.  Although the court acknowledges Mr. Durkin's status as a *pro se* plaintiff and thus affords him greater deference in attempting to discern the nature of his claim, it cannot turn a blind eye to a complaint so lacking in detail that it does not permit Alaska Airlines to even frame an answer to his allegations.

### III.   CONCLUSION

For the reasons stated, the court GRANTS the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) (Dkt. # 4).  Because the court cannot determine whether an amendment to the complaint would be futile, *see Lopez*, 203 F.3d at 1127, the court grants Mr. Durkin 30 days to file an amended complaint.  If Mr. Durkin does not file an amended complaint that complies with the court's rules within 30 days of the date of this order, the court will dismiss his complaint with prejudice.

Finally, the court directs Mr. Durkin to the court's pro se manual, "Filing a Complaint in your Own Behalf," which is available in hard copy and can be obtained by calling the clerk's office at 206-370-8450 or accessed online through the court's website at http://www.wawd.uscourts.gov.

Dated this 10th day of February, 2011.

JAMES L. ROBART
United States District Judge