UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES C. DURKIN,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br><br>Defendant. | CASE NO. C10-1779JLR<br><br>ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT |

Before the court is Defendant Alaska Airlines, Inc.'s ("Alaska Airlines") motion to dismiss Plaintiff James C. Durkin's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. # 18). On February 10, 2011, the court granted Alaska Airlines' first motion to dismiss Mr. Durkin's complaint for failure to state a claim (Dkt. # 16). The court gave Mr. Durkin an additional 30 days to amend his complaint. The court also directed Mr. Durkin to various resources available to *pro se* plaintiffs explaining how to draft a complaint. On March 16, 2011, Mr. Durkin filed an amended complaint (Dkt. # 17). This motion was filed shortly thereafter.

ORDER- 1

Having considered the submissions of the parties and the relevant law, and no party having requested oral argument, the court GRANTS Alaska Airlines' motion to dismiss the amended complaint (Dkt. # 18) without leave to amend. The court DENIES Mr. Durkin's motion for mediation (Dkt. # 21) as MOOT.

## I.  BACKGROUND & ANALYSIS

In Mr. Durkin's first complaint he alleged that he was employed as a pilot by Alaska Airlines from 1975 until his retirement in June 2008. (Compl. (Dkt. # 1), Ex. A.) He alleged that he was harassed by his employer, Alaska Airlines, because he complained about pray cards on his crew meal tray. (*Id.*) Mr. Durkin also alleged that he was forced to retire in June 2008 "under duress." (*Id.*) Both the court and Alaska Airlines interpreted Mr. Durkin's original complaint as stating a claim for religious discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*Id.*) Early on in the case, Alaska Airlines filed its first motion to dismiss.

In response to Alaska Airlines motion to dismiss, Mr. Durkin asserted new claims against the airline alleging possible sexual harassment against another female pilot and an allegation that there is an atmosphere of racism within Alaska Airlines. (*See generally* Resp. (Dkt. # 7).) Mr. Durkin also responded to the motion by attaching approximately 86 pages of exhibits that consisted of chronologies of events, emails, news articles, excerpts from training manuals, and his own correspondence to the EEOC. (*Id.* at 2-87.) None of the exhibits were authenticated and Mr. Durkin's own chronology was a rambling assortment of allegations against not only Alaska Airlines but the

Transportation Security Administration and his union, the Air Line Pilots Association. (*Id.*)

The court granted Alaska Airlines first motion to dismiss on the grounds that Mr. Durkin failed to meet the basic requirement of Federal Rule of Civil Procedure 8(a). Rule 8(a) provides that a pleading, which is the complaint in this case, "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). The court held that Mr. Durkin failed to address the first and second elements of a Rule 8(a) complaint pleading. That is, his complaint failed to set forth the basis for this court's jurisdiction and failed to provide a short and plain statement of his claims. Given his *pro se* status, the court granted Mr. Durkin 30 days to amend his complaint.

Six days after the time for amending his complaint expired, Mr. Durkin filed an amended complaint that fails to address any of the concerns raised by the court in its prior order. Instead, Mr. Durkin's complaint accuses other Alaska Airline pilots of being unprofessional and "marginal line pilots." (Am. Compl. (Dkt. # 17) at 3.) He describes training sessions and simulations that he felt were inadequate, and he accuses one instructor of using the "N bomb" and "F bomb" during a simulation. (*Id.*) Mr. Durkin concludes his description of his co-workers' behavior with the statement "[t]he plaintiff only encountered problems, when the Plaintiff encountered unprofessional flight instructors and a unprofessional Chief Pilot System at Alaska Airlines based on age and religion." (*Id.* at 4.)

Alaska Airlines again moved to dismiss the amended complaint on the basis that it fails to state a claim that would entitle Mr. Durkin to relief. (Mot. at 1.) Mr. Durkin failed to respond timely to the motion. Over two weeks after his response was due, Mr. Durkin filed a pleading that argues he was not properly served with the motion[1] and that "Plaintiff attorney continual effort to used any legal technical move to protect the religious and racist Chief Pilot System which exits at Alaska Airlines." (Resp. (Dkt. # 22) at 2).

As the court explained in its prior order:

> When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
>
> While a pro se litigant's pleadings and papers are held to a less stringent standard than those of represented parties, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Ninth Circuit has held that *pro se* parties are not

---

[1] Alaska Airlines responded to this accusation by filing a declaration stating that Mr. Durkin was properly served via email through the court's electronic filing system and was also served by First Class Mail at his last known address. (Campbell Decl. (Dkt. # 25) ¶ 4.)

ORDER- 4

excused from following the rules and orders of the court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

(February 16, 2011 Order (Dkt. # 16) at 3-4.)

Mr. Durkin's amended complaint considered together with his response to Alaska Airlines second motion to dismiss, fail to clarify his allegations against the airline. Instead, his allegations have morphed between age, race and religious discrimination, none of which are supported by any factual allegations. Accordingly, the court finds that Mr. Durkin's amended complaint does not meet the basic pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Mr. Durkin's amended complaint fails to set forth the basis for this court's jurisdiction and fails to provide a short and plain statement of his claims. Mr. Durkin also fails to state one claim consistently. Although the court acknowledges Mr. Durkin's status as a *pro se* plaintiff and thus affords him wider latitude in describing the nature of his claim, it cannot ignore the major deficiencies in Mr. Durkin's amended complaint. The court also finds that because Mr. Durkin was unable to address the concerns raised in the court's first order, and therefore, is unlikely to provide a second amended complaint that comports with the court's second order, allowing further amendments would be futile.

## II. CONCLUSION

For the reasons stated, the court GRANTS Alaska Airlines' second motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) (Dkt. # 18). The court dismisses Mr. Durkin's complaint without prejudice.

Dated this 10th day of June, 2011.

_____
JAMES L. ROBART
United States District Judge